UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>        Plaintiff,<br><br>  v.<br><br>TOM QUINN, in his official capacity as Forest Supervisor for the Tahoe National Forest, DEAN GOULD, in his official capacity as Forest Supervisor for the Sierra National Forest, and UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture,<br><br>        Defendants. | No. 2:14-cv-01723-GEB-EFB<br><br>**ORDER SEVERING CLAIMS AND TRANSFERRING CLAIMS CONCERNING THE ASPEN RECOVERY AND REFORESTATION PROJECT TO FRESNO**[*] |

        This action was originally filed in the United States District Court for the Northern District of California. Defendants moved to sever claims and transfer venue to this District.

        The Honorable Jon S. Tigar granted Defendants' motion to transfer venue and denied the severance motion, stating: "Having concluded that this action should, and will, be heard by the Eastern District, this Court will not make discretionary case

---

[*] This matter is suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

management decisions on behalf of that court. Therefore, Defendants' motion to sever is DENIED without prejudice toward renewal in the Eastern District." (Order Denying Mot. to Sever and Granting Mot. to Transfer Venue 14:5-7, ECF No. 30.)

Regardless of whether viewed as a renewed motion by Defendants or its own motion,[1] the Court severs Plaintiffs' claims concerning the Aspen Recovery and Reforestation Project ("Aspen Project") and Big Hope Fire Salvage and Restoration Project ("Big Hope Project") into two actions.

Plaintiffs' Complaint comprises three National Environmental Policy Act ("NEPA") Claims and one National Forest Management Act ("NFMA") Claim. In essence, Plaintiffs allege the Aspen Project and Big Hope Project each failed to prepare an Environmental Impact Statement, failed to consider significant new scientific information, failed to take the requisite "hard look" at their environmental impacts and cumulative effects, and failed to consider the best available science in violation of these laws. (Pls.' Compl. 26:10-28:27, ECF No. 1.) Although Plaintiffs allege the same four claims as to each project, the projects are geographically and temporally distinct. The Aspen Project was created in response to the Aspen fire, which occurred in July of 2013, in the Sierra National Forest in Fresno County, California. (Pls.' Compl. ¶ 30, 32.) The Big Hope Project was created in response to the American fire, which occurred in August of 2013, in the Tahoe National Forest in Placer County, California. Id. at ¶ 25, 27. Plaintiffs allege "Defendant Tom

---

[1] Under Federal Rule of Civil Procedure 21, "[o]n motion or its own, the court may at any time . . . sever any claim . . . ."

2

Quinn signed the Decision Notice for the Big Hope Project," whereas Defendant Dean Gould "signed the Decision Notice for the Aspen Project." Id. at ¶ 14. Therefore, even though Plaintiffs allege each project violated the same federal environmental laws, "the Court would still have to give [the] claim[s] individualized attention" as to the two projects. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). "[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." Id.

For the stated reasons, Plaintiffs' claims concerning the Aspen Project and the Big Hope Project are severed into two actions. Further, Plaintiffs' claims concerning the Aspen Project are transferred to the Fresno Division under Local Rule 120(f) since the Aspen Project is located in Fresno County.

Dated: July 22, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge