UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>TOM QUINN, in his official capacity as Forest Supervisor for the Tahoe National Forest; and UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture,<br><br>    Defendants. | No. 2:14-cv-01723-GEB-EFB<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

    The July 22, 2014, Order Setting Status (Pretrial Scheduling) Conference, (ECF No. 32), scheduled a status conference in this case on October 27, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The July 22, 2014 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

    Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 27, 2014, why

1

sanctions should not be imposed against the party and/or the party's counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the party or the party's counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 24, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

　　　　IT IS SO ORDERED.

Dated: October 16, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).